WILLIAM F. HUMPHREY & wife, appellants.

Middlesex. Nov. 23, 1883. — March 1, 1884.  C. ALLEN & HOLMES, JJ., absent.

Under the Pub. Sts. c. 148, § 4, notice of a petition for the adoption of a child is necessary in all cases where the written consent required by § 2 is not submitted to the court with the petition, even if a case is presented by the petition, which, if proved to exist, would authorize the judge of probate to decree the adoption without consent.

APPEAL from a decree of the Probate Court, dismissing a petition for leave to adopt a child, because the consent of the parents of the child was not given, and no personal service of the petition was made upon them, and no publication of the petition was made in any newspaper.

The petition alleged that the child was of unknown parentage and a foundling; and that its parents had wilfully deserted and neglected to provide care and maintenance for the child for two years next preceding the date of the petition.

The reasons of appeal were, that, where the facts alleged in the petition exist, " the consent of the parents is not required, nor in such a case is any publication required, unless the court in its discretion specially requires it."

Hearing before *Field*, J., who affirmed the decree of the Probate Court, and remanded the case to that court for further proceedings; and the appellants appealed to the full court.

*A. L. Lowell*, for the appellants.

DEVENS, J. The question intended to be presented is not whether, under the Pub. Sts. c. 148, which concerns the adoption of children, it is within the discretion of the judge of probate in all cases to order notice, either personal or by

publication, as no such order was made; but whether it is competent for him, upon such a petition as this, to decree the adoption, when no notice has been given to the parents, and no publication has been made.

Section 2 of the Pub. Sts. c. 148, provides that no adoption shall be decreed without the written consent of certain persons named, among whom are included the parents. Section 3 provides for certain exceptional cases, in which this consent is not required. Section 4 provides that, " when the written consent required by the preceding sections is not submitted to the court with the petition, the court shall order notice by personal service on the parties; " or, if not found within the Commonwealth, by publication as therein provided. It is, perhaps, possible to construe this section as meaning that notice is necessary only when those cases are presented which appear by the petition to be such as to require a written consent, and such written consent is not submitted. Such is the contention of the appellants. But it is certainly equally capable of the construction that the notice is necessary in all cases where the written consent required by the statute is not submitted, even if a case is presented by the petition, which, if proved to exist, would authorize the judge of probate to decree the adoption without consent. The latter construction is attended with no practical inconvenience, is better adapted to protect the rights of the child and its parents, and therefore is presumably that intended by the Legislature. Even where parents have placed themselves, by their wrongful neglect or their criminal conduct, in such a position, or have been so placed by their misfortunes that they cannot, by declining to consent, prevent a decree for adoption, it is certainly just that they should have notice and be heard in regard to it. It is still more necessary that they should have notice, that they may be heard upon the question whether they are or are not in a position to give or withhold their consent to the decree, or have deprived themselves of their rights. This should not be determined *ex parte*, until all reasonable means of notifying them have been exhausted. By § 5, all persons not appearing at the appointed time are held to have consented to the adoption, so far as relates to the proceedings of the Probate Court. The appellants deem that the object of the notice,

as shown by this section, is merely to bind those who have not consented, and without whose consent the adoption cannot be made. It is more than this; it is to bind those who are entitled to be heard upon the question whether they have forfeited their rights in regard to consent, and to prevent them, if notified, from again raising this question.          *Judgment affirmed.*