WALDON B. HERSEY vs. NINA R. HERSEY.

Suffolk.    January 7, 1930. — June 4, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Probate Court,* Jurisdiction; Divorce proceedings: custody of child;
    Appearance; Findings by judge; Decree; Appeal. *Conflict of Laws.
    Jurisdiction. Parent and Child. Adoption. Waiver.*

Under G. L. c. 208, § 28 and § 30, as amended by St. 1922, c. 532, § 6,
    a judge of probate, by whose direction has been entered a decree of
    divorce containing an order as to the custody of a minor child of the
    parties within his jurisdiction, has authority thereafter to revise or
    alter such order.
Such an order, when originally made, is not final, but in its nature is in-
    terlocutory and subject to modification at any future time during
    the lives of the parents and the minority of the child upon good cause
    shown.
In 1925 a woman secured a divorce in a probate court, the decree grant-
    ing to her the custody of a child of the parties then about three years
    of age and ordering her husband to make certain payments to her for
    the support of the child, with the privilege of visiting him at reason-
    able periods.   The husband at all times thereafter made the required
    payments.   In 1925 or 1926 the woman married another man and in
    1927 went to live with him in Maine, whither she removed the child
    without her first husband's consent and without any order from the
    Probate Court to that effect.   In June, 1928, the first husband filed
    in the Probate Court a petition for modification of the decree of di-
    vorce so far as it related to custody of the child.   In the same month
    the woman filed therein general appearance which she subsequently
    withdrew.   In October, 1928, she and her second husband filed a
    petition in an appropriate court in Maine seeking the adoption of
    the child, and a decree was entered four days later granting that
    petition.   The first husband neither consented to nor knew of that
    petition, and no order of notice thereof was issued to him.   Rev. St.
    of Maine, c. 72, § 36, as amended by St. 1927, c. 189, and as inter-
    preted in decisions of the Supreme Judicial Court of Maine, required
    that such notice be issued.   In February, 1929, in the petition for
    modification of the decree of divorce, the woman filed a plea to the
    jurisdiction setting forth the decree of the court in Maine.   The plea
    was denied. *Held,* that
    (1) The woman's general appearance in June, 1928, was a waiver
    of any defect of jurisdiction of the Probate Court over her person,
    although it could not constitute a waiver of any lack of jurisdiction
    over the subject matter of the petition;

(2) The removal of the child to Maine by the woman was a violation of G. L. c. 208, § 30;

(3) The mere circumstance, that the child was physically outside the Commonwealth, did not deprive the Probate Court of jurisdiction to alter the order concerning his custody;

(4) The decree of divorce was subject to, and its benefits were accepted by the woman with, the limitation that the order of custody might be modified by the court in the future: the woman was not entitled to question the jurisdiction of the court to exercise a power reserved to it in the original decree in her favor;

(5) The jurisdiction of the court in Maine to entertain the petition for adoption was open to inquiry in the present proceedings;

(6) In the circumstances, the court in Maine had not acquired such jurisdiction in the adoption proceedings as to deprive the Probate Court of its power to alter its previous decree concerning custody;

(7) The plea to the jurisdiction properly was denied.

At the hearing on the merits of the petition for modification above described, there was uncontradicted evidence, taken by a stenographer appointed under G. L. c. 215, § 18, as amended, that the child was a girl; that the petitioner had seen her but few times since the granting of the divorce; that he was a person of good character and habits, engaged in business and earning enough to support the child comfortably; that he proposed to provide a proper home for the child with his mother in the Commonwealth; that his mother was a good woman; that the child was treated by the respondent properly, was given a good home, was being well brought up and was surrounded by proper influences; and that she was attending school. The petitioner testified that he would be "satisfied" if he had a chance to have the child with him "for a period during the summer vacation so as not to interfere with . . . [her] schooling." A decree was entered granting custody of the child to the petitioner without right on the part of the respondent to visit or to see her. Upon appeal by the respondent, it was *held*, that

(1) It was the duty of this court to examine the evidence and decide the case according to its judgment, giving due weight to the conclusion of the judge of probate;

(2) The original decree must be presumed to have been entered correctly and it settled the question of custody until such time as circumstances should require a change thereof;

(3) The welfare of the child was the controlling consideration in these proceedings;

(4) There was nothing in the evidence to warrant a conclusion that the child was not healthy and happy in her present surroundings;

(5) Although the conclusions of the judge of probate should be disturbed only if plainly wrong, this court was of opinion that the modification of custody ordered was plainly wrong in the circumstances; and the decree was reversed.

PETITION, filed in the Probate Court for the county of Suffolk on June 11, 1928.

The respondent filed a plea to the jurisdiction. The petition and plea were heard by *McCoole*, J., a stenographer having been appointed under G. L. c. 215, § 18, as amended. The petition, the plea, material evidence and decrees entered by order of the judge are described in the opinion. The respondent appealed.

*L. R. Chamberlin*, (*R. J. Cook* with him,) for the respondent. ·

*E. A. Howes*, (*J. B. Angevine* with him,) for the petitioner.

RUGG, C.J.   This is a petition for modification of a decree for divorce so far as it relates to the custody of a minor child of the parties. One question is whether the Probate Court has jurisdiction. The relevant facts in that connection are these: On March 13, 1925, a divorce *nisi* was granted by the Probate Court for our county of Suffolk, which had jurisdiction of all the parties, the libellant being then a resident of Boston in this Commonwealth, to the wife, the respondent in the case at bar and hereafter so designated, against the husband, the present petitioner and hereafter so designated, for the causes (1) of cruel and abusive treatment, and (2) of gross, wanton and cruel refusal and neglect to provide suitable maintenance for the wife. It was ordered by the decree then entered that the petitioner pay $30 per month to the respondent for the support of their minor child, Joan Hersey, and that the custody of the child be given to the respondent, the petitioner "to be permitted to visit said child for reasonable periods monthly if he so desires provided that he shall not be at the time of said visit in default of any of the payments" for her support required by the decree. The decree *nisi* became absolute in September, 1925. The present petition for modification was filed on June 11, 1928. It alleges full performance by the petitioner of all the requirements of said decree resting upon him, but that the respondent has refused to permit him to visit the child as therein required; that the respondent was married in 1925 or 1926 to Robert Crawford, with whom she has since lived and is now living in Portland in the State of Maine; that the child is enrolled in school under the name Joan Crawford and that the respondent

causes the child to be known by that name; and that the petitioner is able and willing to provide proper care for the child at the home of his mother in this Commonwealth. Notice upon this petition was issued returnable on June 28, 1928, and personal service was made upon the respondent in Portland on June 14, 1928.

The parties have stipulated that on the present petition a general appearance was filed by the respondent on June 22, 1928, but was subsequently withdrawn. The respondent now is domiciled in the State of Maine. The effect of this appearance was to waive any defect of service or of jurisdiction over the person of the respondent. *Paige* v. *Sinclair*, 237 Mass. 482. *Robertson* v. *Railroad Labor Board*, 268 U. S. 619, 622. Want of jurisdiction over the subject matter, if any existed, could not be waived. *Sturman* v. *McCarthy*, 232 Mass. 44, 48.

The respondent then filed on February 25, 1929, a plea to the jurisdiction, setting out that the child was adopted and her name changed to Joan Crawford by decree of a court of competent jurisdiction in the State of Maine entered in October, 1928, upon petition by Robert B. Crawford, Junior, and herself, his wife, all being then residents in the State of Maine, and that that court had jurisdiction of the parties and the subject matter and that hence a probate court of this Commonwealth has no jurisdiction over the present petition. At the hearing upon this plea, an exemplified copy of the decree of the Maine court was in evidence. Thereby it appeared that the respondent and her present husband duly petitioned for the adoption of Joan Hersey, child of the petitioner and the respondent born in Boston in June, 1922, alleging that the petitioning Mrs. Crawford, mother of the child, was by decree of a probate court in this Commonwealth granted a decree of divorce on the grounds of cruel and abusive treatment, and also granted the custody of the minor child Joan. That petition was dated on October 13, 1928, and so far as appears by that record was not assented to by the present petitioner as father of the child and no order of notice issued to him. Decree was entered on October 16, 1928,

granting the adoption, and changing the name of the child to Joan Crawford. The present petitioner was called as a witness at the hearing on the plea to the jurisdiction and testified in substance that he knew nothing of the adoption proceedings until after the decree granting adoption, and that his former wife and child had lived in Maine since the fall of 1927; that he raised no objection to the mother on the ground that she and the child had removed from this Commonwealth, but that he did not in any way give his consent to the removal of the child, and that he had promptly made all payments required of him by the decree of divorce.

It is provided by G. L. c. 208, § 28, that a decree as to custody of minor children entered as part of a divorce proceeding "afterward may from time to time, upon the petition of either parent," be revised or altered or a new decree made "as the circumstances of the parents and the benefit of the children may require." It is also provided by § 30 of the same chapter, as affected by St. 1922, c. 532, § 6, that "a minor child of divorced parents who is a native of . . . this commonwealth and over whose custody and maintenance" the Superior or a probate court of this Commonwealth "has jurisdiction shall not, if of suitable age to signify his consent, be removed out of this commonwealth without such consent, or, if under that age, without the consent of both parents, unless the court upon cause shown otherwise orders."

It is plain that under these sections the decree originally entered granting the divorce and awarding the custody of the minor child was within the jurisdiction of the court and might be modified subsequently if the parties remained within the Commonwealth. *Oliver* v. *Oliver*, 151 Mass. 349, 351. *Stone* v. *Duffy*, 219 Mass. 178. *Perkins* v. *Perkins*, 225 Mass. 392, 397. These provisions of the statute as matter of statutory construction confer upon the courts which have had and have exercised jurisdiction as to the custody of children of divorced parents, as part of the decree granting divorce to the parents, continuing authority as an incident of those proceedings to revise or alter orders

made concerning the children. As ancillary to that continuing authority, provision is made that any child concerning whom such order has been made shall remain within the Commonwealth unless the court orders to the contrary or unless both parents or the child if of suitable age consents to removal from the Commonwealth. See *Gallup* v. *Gallup, ante,* 252. Thus the continuance of jurisdiction over the subject by the courts of this Commonwealth is assured so far as the General Court thought wise and had power so to enact. The policy of the Commonwealth was thus declared. Orders as to custody of children in the cases arising under these sections are not final in the sense that a judgment in a proceeding at law or a final decree in a suit in equity is final and not subject to subsequent change by the court. They are in their nature interlocutory and subject to modification at any future time during the lives of the parents and the minority of the children upon good cause shown. The litigation instituted by the filing of the original libel for divorce has not been terminated as to such orders but is still pending in the sense that they may be modified or annulled.

The present petition is addressed to the court wherein was entered the decree of divorce and custody of the child to modify that decree in the exercise of the continuing jurisdiction thus established. The facts are, however, that in truth there has been violation of said § 30 in that the respondent has removed the child from the Commonwealth without either the consent of the petitioner or an order of court to that end. The child is now physically in the State of Maine and beyond the reach of process issued by courts of this Commonwealth. That factor does not deprive courts of this Commonwealth of jurisdiction to exercise the reserved and continuing power to change their determination defining the status of the children at the instance of either parent. Recognition of such changed determination will be given at least within this Commonwealth. It is quite conceivable that occasions may arise where such recognition may assume practical value of some importance. The respondent was the libellant in the divorce proceedings. It

was at her request that the custody of the child was awarded her and the substantial contribution for her support was exacted of the petitioner for her use by the court of this Commonwealth. These orders in her favor were by the express terms of the statutes already quoted made subject to the possibility of future change. She accepted the benefit of all the advantages accruing to her under the decree. She received it with all limitations and implications attaching thereto. She cannot now question the jurisdiction of the court to exercise the very power reserved in its original order in her favor, by which she has profited and which she has continued to enjoy. It was said with reference to somewhat similar facts in *Stetson* v. *Stetson*, 80 Maine, 483, 485, that, although removed from the State, "the child is not removed from the jurisdiction of the court. That has already attached. The decree is a conditional one, subject to modification and change. The mother takes the child subject to that condition. On any proper process for a change she is bound, wherever she may be, to take notice, and though she may not personally be within the jurisdiction of the court, the subject matter is, so that the judgment of the court will be valid and binding upon her . . . ." To the same effect are *Morrill* v. *Morrill*, 83 Conn. 479, 484–488; *State* v. *District Court*, 46 Mont. 425, 437; *Kenner* v. *Kenner*, 139 Tenn. 211, 223. Decisions which may appear at first sight to be opposed to this conclusion are distinguishable in that there was no statute prohibiting the removal of children from the State without order of the court or consent of the other parent where the court, having jurisdiction of both parents and the children, granted the divorce and awarded custody of the children. *Milner* v. *Gatlin*, 139 Ga. 109, 113. *In re Alderman*, 157 N. C. 507. *In re Bort*, 25 Kan. 308. It is not necessary to inquire whether other decisions, upon somewhat different facts, may be reconcilable with the conclusion here reached. *Groves* v. *Barto*, 109 Wash. 112, 114. *Griffin* v. *Griffin*, 95 Ore. 78, 87.

The next question to be determined is whether the decree of adoption made by the Maine court deprives the courts of this Commonwealth of jurisdiction to consider the present

petition. This aspect of the case must be considered on the footing that no notice of that proceeding was given to the petitioner and that in fact he had no knowledge of it. That was his testimony, which, by the decree in his favor, was doubtless believed by the trial judge. The interest of the parent in the welfare of his child is founded upon fundamental human instincts and deep natural affection. It is not necessary to analyze more particularly the character of this parental right, nor to discuss constitutional provisions for its protection. It has been held commonly that the interest of a parent in his child cannot be divested by adoption unless he is given notice and an opportunity to be heard, except in instances where by gross misconduct, or waiver, or perhaps for other fault, he has forfeited his rights in this respect. *Humphrey, appellant,* 137 Mass. 84. *Stearns* v. *Allen,* 183 Mass. 404, 408. *Lacher* v. *Venus,* 177 Wis. 558. See cases collected in 24 A. L. R. 416. The Legislature has wide discretion in determining the acts or conduct of a parent which may forfeit this right to notice or dispense with it. *Purinton* v. *Jamrock,* 195 Mass. 187. The Legislature also has ample power with respect to the care, custody and maintenance of children within its borders. *Martin* v. *Gardner,* 240 Mass. 350. *Glass* v. *Glass,* 260 Mass. 562.

The statute of Maine respecting notice upon petitions for adoption, Rev. St. c. 72, § 36, as amended by St. 1927, c. 189, reads in part: "Before such petition is granted, written consent to such adoption must be given by the child, if of the age of fourteen years, and by each of his living parents, if not hopelessly insane or intemperate; or, when a divorce has been decreed to either parent, written consent by the parent entitled to the custody of the child; or such consent by one parent, when, after such notice to the other parent as the judge deems proper and practicable, such other parent is considered by the judge unfit to have the custody of the child." This statute does not seem in terms to require notice to a divorced parent who has not been given custody of the child, but it does not expressly dispense with such notice. In interpreting this statute it was said respecting the rights of a mother in a

petition for adoption where there had been divorce between the parents and custody of their child awarded to the father, in *Cummings, appellant,* 126 Maine, 111, 112: "Because the decree [of adoption] bears directly upon her interest the statute makes the mother a necessary party in the Probate Court proceeding. If she does not consent to the adoption, notice must be given to her." See also the same case at subsequent stage, 127 Maine, 418. It would seem, therefore, that notice under the law of Maine is a jurisdictional fact which ought to be shown by the record, and failure in that particular deprives the court of jurisdiction and its decree is void. *Taber* v. *Douglass,* 101 Maine, 363. The decree of the Maine court cannot be attacked directly in this proceeding. It must be given full faith and credit under art. 4, § 1, of the Constitution of the United States. *Smithsonian Institution* v. *St. John,* 214 U. S. 19, 28–29. Complete inquiry is permissible into the circumstances of a judgment of a sister State to determine whether it binds the person against whom it is invoked. There may be searching investigation "into the jurisdiction of the court in which the judgment is rendered, over the subject-matter, or the parties affected by it, or into the facts necessary to give such jurisdiction." *Thormann* v. *Frame,* 176 U. S. 350, 356. See *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 206–210, for review of cases; S. C. *sub nomine Bigelow* v. *Old Dominion Copper Mining & Smelting Co.* 225 U. S. 111, 134, 135.

It is to be observed that the present petition was filed and notice thereof given in hand to the respondent about four months, and she appeared in the present proceeding almost three months, before the petition for adoption was filed in the Maine court. The Probate Court thus had complete jurisdiction of the cause and the parties for a considerable time before the filing of the petition for adoption in the Maine court. Four days covered the entire time of the filing of the petition and the entry of decree for adoption in the Maine court. No notice in law or in fact was given or came to the knowledge of the petitioner. The Maine court acquired no jurisdiction over the petitioner.

He had a vital interest in his child. As her father he had a right to visit her monthly. He had contributed regularly a substantial sum for her support in accordance with the order of court for a period of about three years. In these circumstances we are of opinion that the Maine court acquired no such jurisdiction over the adoption proceedings as to deprive the petitioner of the right to invoke the continuing jurisdiction of the Probate Court of this Commonwealth over the proceedings still pending before it touching the custody of the child.

There was no error in denying the plea to the jurisdiction.

The petition for modification of the decree was heard on its merits. Several witnesses testified. The petitioner, his mother and two friends were called in his behalf and one friend of the respondent in her behalf. The evidence was taken by a stenographer and is printed in full in the record. A decree was entered modifying the decree *nisi* of March 13, 1925, and the custody of the minor child Joan was granted to the petitioner without right on the part of the respondent to visit or even to see her. The respondent appealed.

The rule of practice upon a probate appeal of this nature, following that in equity, is that questions of fact as well as of law are brought before this court, whose duty is to examine the evidence and decide the case according to its judgment, giving due weight to the finding of the trial judge. That finding will not be reversed unless plainly wrong. *Patterson v. Pendexter*, 259 Mass. 490, 493. *Edwards v. Cockburn*, 264 Mass. 112, 120. The original decree awarding custody to the respondent must be presumed to have been right. It settled all questions in issue between the parties at the time it was entered. It was designed to endure until facts brought to the attention of the court required a change. The child was then less than three years old. Since then she has lived continuously with the respondent and was at the time of the entry of the decree now under review about seven years old. A baby, then about two years old, had been born to the respondent. The petitioner has seen his child in the meantime only a comparatively few times. The testimony tended to show that, notwithstanding the grounds on which

the divorce was granted, the petitioner is a person of good character and habits, engaged in business and earning enough for comfortable support, and that he proposes to provide a proper home for the child with his mother, who is a good woman, and that his material circumstances have changed for the better since 1925. These facts must be taken to be established. It is plain also that the respondent, by taking the child out of the Commonwealth, has not abided by the terms of G. L. c. 208, § 30, and has not observed the terms of the decree of March, 1925, in allowing the petitioner to see the child as there prescribed. She did not testify at the hearing and certain inferences may be drawn against her for that reason. *Howe* v. *Howe,* 199 Mass. 598, 603. There is in the record no evidence tending to show that the child is not treated by the respondent in an exemplary manner, that she is not given a good home, or is not being well brought up, or that she is not surrounded by every proper influence. There was explicit evidence in favor of the respondent on these points. The testimony of the petitioner was that he had an earnest desire to have communication with his child and would be "satisfied" if he had a chance to have her with him "for a period during the summer vacation so as not to interfere with her schooling." The trial judge did not see the child and had no communication with her. He did not see her mother, the respondent.

This is not a proceeding to discipline the respondent for her shortcomings. It is not a proceeding to reward the petitioner for any wrong which he may have suffered. It is a proceeding solely with reference to the custody of a little girl. The governing principle by which the court must be guided in deciding the issues raised is the welfare of the child. That is so both as matter of law and as matter of humanity. Every public and private consideration establishes this as the dominating rule. There is nothing in the record to justify the conclusion that the child is not happy and healthy in her present home. The evidence was that she was attending school. She has the constant care of her own mother and is being reared with her baby brother of the half blood.

The conclusion seems to us irresistible that it was plainly wrong, in the light of all this evidence, to change completely an order of custody made by the court four years before, to wrest a girl of these tender years from her respectable, affectionate and competent mother with whom she has always lived and place her in a strange home among those who are practically complete strangers to her, and this not as a temporary matter of a brief time but permanently or until the further order of the court.

> *Order denying plea to jurisdiction affirmed.*
> *Decree modifying decree nisi dated March 13,*
> *1925, and awarding custody of Joan Hersey*
> *to the petitioner, reversed.*