PATRICIA T. HINDS vs. LESTER DeCOURCY HINDS.

Suffolk.   May 8, 1952. — July 3, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Divorce*, Custody of child, Modification of decree.

The mere fact that a decree of a divorce court under G. L. (Ter. Ed.)
c. 208, § 28, restoring the custody of minor children of divorced parties
to their mother was entered only about three and one half months,
on a petition filed by the mother only fourteen days, after a previous
decree giving custody to the father did not preclude the later decree
if it was justified by a change of circumstances following the earlier
decree.

Findings by a divorce court supporting conclusions that, after custody
of minor children of divorced parties had been transferred by a decree
under G. L. (Ter. Ed.) c. 208, § 28, to their father from their mother,
to whom custody had been given by the original decree of divorce,
the custody of the father did not prove to be successful or in the best
interests of the children and that they would be better off in the
custody of the mother even if she was not an ideal mother justified
a third decree restoring custody to the mother.

LIBEL for divorce, filed in the Probate Court for the
county of Suffolk on June 8, 1949.

A decree of December 21, 1951, described in the opinion,
was entered by *Mahoney*, J.

*Richard Wait*, for Lester DeCourcy Hinds.

*William Minot*, for Patricia T. Hinds.

QUA, C.J.   This case presents some unusual features.   On
January 24, 1950, the Probate Court granted a divorce to
the wife with the custody of the three minor sons of the
parties, now aged respectively about eleven, eight, and five
years, and with a provision for their support by the hus-
band.   On September 4, 1951, on the petition of the former
husband a decree was entered by another judge of the same
court granting custody of the children to the former hus-
band.   On December 21, 1951, on the petition of the former
wife, a decree was entered by the judge first mentioned

again granting custody of the children to the former wife, with a provision for their support by the husband. The petition on which this last decree was entered was filed by the former wife only fourteen days after the decree granting custody to the former husband and before the time for appealing from that decree had expired. The former husband now appeals from the decree of December 21, 1951, granting custody to the former wife. The evidence is not reported.

It is provided by G. L. (Ter. Ed.) c. 208, § 28, that upon or after a decree for divorce the court may make a decree relative to the care, custody and maintenance of the minor children of the parties "and afterward may from time to time, upon the petition of either parent, . . . revise and alter such decree or make a new decree, as the circumstances of the parents and the benefit of the children may require."

The argument of the appealing former husband is that the last decree of the series, restoring custody to the former wife, was not based upon any change in circumstances occurring since the previous decree granting custody to the former husband, and that it is not orderly judicial procedure for one judge to reverse the decree of another judge of the same court upon the same set of facts.

It must now be considered as settled that, ordinarily at least, a change in an order for custody or maintenance under G. L. (Ter. Ed.) c. 208, § 28, must be based upon some change in the circumstances of the parties since the preceding decree was entered. *Smith* v. *Smith*, 190 Mass. 573. *Coe* v. *Coe*, 320 Mass. 295, 305–306. *Whitney* v. *Whitney*, 325 Mass. 28, 32. *O'Brien* v. *O'Brien*, 325 Mass. 573, 576. But in the present case, notwithstanding the shortness of the interval, we think it appears that there were material changes in circumstances between the decree of September 4, 1951, giving custody to the former husband and the decree of December 21, 1951, restoring custody to the former wife, and that the last decree rests upon these circumstances. Moreover, it is very properly conceded that the judge was not limited to the short period of only fourteen days inter-

vening between the decree giving custody to the former husband and the filing by the former wife of the petition for revision of that decree, and that the judge could take into account the state of affairs as shown to him down to the entering of the decree of December 21, 1951.

The judge who entered this last decree made findings of material facts in considerable detail. Among the findings tending to show change in circumstances were that when the former husband obtained custody of the three children under the previous decree he took them from the school they were attending and without the knowledge of the former wife placed them in a foster home operated for profit which was inadequately heated, as a result of which one of the children had a very severe cold; that the operators of the home did not believe in medical doctors and would not call one when the children were sick; that by direction of the former husband the former wife was prevented from taking the children out of doors when she visited the home; that it was not for the best interest of the children to remain there; that the children are quite unhappy by being deprived of association with their mother with whom they desire to be; that their happiness would be secure if they were in her custody; that the former husband has constantly with malevolent intent caused unnecessary anxiety to the former wife, and tried to disrupt the pleasant relationship between her and the children and that his demeanor and attitude are detrimental to the welfare of the children.

It is true that the judge did not confine his findings to events subsequent to the last previous decree. He says that he heard "all matters prior" thereto. It was within his discretion to do this. *Graves* v. *Graves*, 108 Mass. 314, 321. *Jenkins* v. *Jenkins*, 304 Mass. 248, 250–252. And it would seem almost necessary that he do so in order that he might inform himself of the previous relations of the children with their parents, the degree of their dependence upon their mother, and the amount of unhappiness it caused them to be separated from her.

It is unnecessary to recite the findings in further detail.

Perhaps the former wife is not an ideal mother. But the findings provide ample support for the conclusion to which the judge must have come that custody in the father had not proved successful, and that the children would be better off if returned to their mother who "has been devoted" to them and between whom and them "there is a great bond of affection."

It has not been argued that the financial arrangements contained in the decree of December 21, 1951, are improper, if custody is to remain in the former wife.

*Decree affirmed.*