JOAN BRETON *vs.* LEO A. BRETON.

Bristol.   October 26, 1954. — March 2, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Divorce,* Custody of child, Modification of decree.

A decree of a Probate Court dismissing a petition by a wife against her husband seeking custody of a minor child of the parties through modification of a decree awarding custody to the husband entered about a year earlier in a divorce proceeding was affirmed on conflicting reported evidence and a finding by the judge that the husband had cared for the child properly.

LIBEL for divorce, filed in the Probate Court for the county of Bristol on January 21, 1952.

On May 23, 1952, a decree was entered "denying libel" and awarding custody of the parties' minor child, Bruce George Breton, to the libellee. On June 2, 1953, the libellant filed a petition for modification of the decree of May 23, 1952, by awarding custody of the child to her. Her petition for modification was dismissed by *Considine,* J., and she appealed.

*Solomon Rosenberg,* for the libellant.

*John D. Sheehan,* for the libellee.

LUMMUS, J.   On June 2, 1953, the wife, the libellant in a divorce case, filed a petition that the custody of Bruce George Breton, seven years old, the child of the parties, which a year earlier had been awarded to the husband and father, be given to her.   On January 12, 1954, the wife's petition was dismissed, and she appealed.   The judge filed a report of the material facts found by him, which showed that the parties separated on January 2, 1952, and that the husband had cared for the boy properly ever since.

The evidence, which is reported, was conflicting as to the condition and care of the boy in his father's house.   The boy is small for his age, and rather frail.   By G. L. (Ter. Ed.) c. 208, § 28, a divorce court may "revise and alter" a decree for custody "as the circumstances of the parents and the benefit of the children may require."   Ordinarily a change in custody will not be made unless there has been a change in circumstances since the original decree for custody. *Hinds* v. *Hinds,* 329 Mass. 190, 191.   *Oliver* v. *Oliver,* 151 Mass. 349, 351.   As was said in *Grandell* v. *Short,* 317 Mass. 605, 608, "The wisdom of changing the order for custody was one peculiarly within the province of the judge, who observed the witnesses, among whom were both parents." His decision is entitled to weight, and will not be reversed unless plainly wrong.   *Jenkins* v. *Jenkins,* 304 Mass. 248, 252.   *Durfee* v. *Durfee,* 293 Mass. 472, 477.

*Decree dismissing petition affirmed.*