JUNE W. BUCHANAN *vs.* WILLIAM J. BUCHANAN.

Norfolk.   November 7, 1967. — December 4, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Divorce*, Modification of decree, Support of child, Separation agreement.

Modification under G. L. c. 208, §§ 29, 28, of a foreign divorce decree with respect to the amounts provided in the decree to be paid by the former husband for support of the parties' children was not precluded by the fact that such amounts were in accordance with a separation agreement incorporated in the decree. [352]

Findings by a judge of probate supported a decree under G. L. c. 208, §§ 29, 28, increasing substantially the amount provided for support of the parties' children in a foreign divorce decree entered eighteen months before. [352–353]

PETITION filed in the Probate Court for the county of Norfolk on June 24, 1966.

The case was heard by *Reynolds*, J.

*Harold Katz* (*David H. Lamson* with him) for the respondent.

No argument or brief for the petitioner.

REARDON, J.   By petition filed on June 24, 1966, the petitioner sought in the Norfolk Probate Court under G. L. c. 208, § 29, modification of a divorce decree entered on April 28, 1965, in the Circuit Court, in Equity, for St. Clair County, Alabama.   The Alabama decree incorporated a separation agreement dated March 17, 1965, between the parties which, inter alia, provided $15 a week for the support and maintenance of each of their two children.   The petition alleged that this sum of $15 a week ordered paid by the Alabama court for each of the two children was inadequate, and that the circumstances had changed in that the children required more funds for their support than at the time of the entry of the Alabama decree.   Upon the petition a decree entered making certain changes in the arrangements

on custody of the children and ordering the respondent to pay $70 a week for their support. He appealed from that decree and from a decree overruling and dismissing his plea in bar which set up the separation agreement as a bar to any change in support payments for the children.

1. As argued by the respondent, we hold that G. L. c. 208, § 29, requires that prior to modification of a foreign decree a showing of material change in circumstances is required. This showing is similar to that which is necessary under G. L. c. 208, § 28, which has reference to decrees entered in this Commonwealth. *Hinds* v. *Hinds,* 329 Mass. 190. There is no distinction in the requirements of these two sections.

2. We consider first the departure from the terms of the separation agreement relative to the amounts there stipulated to be paid weekly for the support of the children. It is clear that provisions for their support may be revised from time to time "as the circumstances of the parents and the benefit of the children may require." G. L. c. 208, § 28. *Whitney* v. *Whitney,* 325 Mass. 28, 31. *Perkins* v. *Perkins,* 225 Mass. 392, 397, 398. *Heard* v. *Heard,* 323 Mass. 357. That there was a separation agreement relative to the care and maintenance of children did not oust the jurisdiction of the Probate Court under G. L. c. 208, §§ 28 and 37, over continuing problems of their support. *Wilson* v. *Caswell,* 272 Mass. 297, 301–302. *Kates* v. *Kates,* 347 Mass. 783. Resolution of these questions rests largely in the discretion of the probate judge after he has given due consideration to all the facts. See *Coe* v. *Coe,* 313 Mass. 232, 235. These include the needs of the children, the financial status of the former husband, and the station in life of the respective parties. *Topor* v. *Topor,* 287 Mass. 473, 475. Application of these principles to the case before us leads us to conclude as follows. The findings of the judge embodied in his report of material facts indicate that in the year and a half elapsing between the entry of the Alabama decree and his own the weekly income of the respondent had increased by some $55, while that of the petitioner increased by $8.65. The experience of the petitioner after the Alabama divorce suffi-

ciently demonstrated that she was unable to maintain the children properly on an allowance of $15 weekly for each child. That she had one and a half years before entered into an agreement which afforded $15 a week for each child does not preclude her from asserting what she discovered her expense for them to be in the light of the experience of eighteen months and increased living costs, and such commitment as she may have made in the separation agreement does not bar her from seeking adequate support for them. In the light of the foregoing considerations, the separation agreement is not to be viewed as any basis for sustaining the respondent's plea in bar.

3. The decree modified the visitation arrangements which the parties had provided in the separation agreement. While the powers of the judge in revising these arrangements are undoubted, *Jenkins* v. *Jenkins*, 304 Mass. 248, 250, we can review their exercise only when there is sufficient in the record to resolve any questions regarding the propriety of his action. In this instance we are unable to affirm that part of the decree dealing with visitation arrangements since it is not supported by the record.

4. It follows that that part of the decree dealing with visitation arrangements is reversed and the matter is remanded to the Probate Court for such further hearing relative to them as may be necessary. Otherwise the decree is affirmed.

*So ordered.*