BETTY JEAN SMITH *vs.* BILLY H. SMITH & another (and a companion case[1]). February 8, 1972. These are proceedings for custody of four children of Betty Jean Smith (Betty) and Billy H. Smith (Billy) whose marriage was dissolved on June 7, 1966, by a decree of divorce in the State of Georgia giving custody of the children to Billy. Doris A. Smith (Doris) is the present wife of Billy. On October 16, 1969, the Probate Court in Massachusetts gave custody of the children to Betty. On December 9, 1969, after the filing of an investigation report by a guardian ad litem appointed under G. L. c. 215, § 56A, the same court gave their custody to Doris. On March 31, 1970, the same court gave their custody to Betty but they have continued to live with Doris. On October 29, 1970, the same court held a hearing on two petitions which, despite different titles, were stipulated by the parties to be cross petitions by Betty and Doris for custody of the children. After a hearing on the petitions, the court gave custody to Doris, and the case is before us on Betty's appeals from decrees giving custody to Doris. The evidence is not reported. The judge conversed with each of the children individually in his chambers before deciding the case. At Betty's request, the judge made a report of material facts and incorporated therein the guardian ad litem's report of his investigation. Such use of the report was proper, and the brief of the appealing party does not contend otherwise. *Jenkins* v. *Jenkins,* 304 Mass. 248, 252–253. *Jones* v. *Jones,* 349 Mass. 259, 264. The judge made subsidiary findings concerning the marital history and problems of Betty and Billy and of Doris and Billy, as affecting the children; the experiences, attitudes and progress of the children while in the custody of Betty and of Doris; the physical, economic and other capabilities of Betty and of Doris to care for the children; and the fears, hopes, desires and welfare of the children as affected by the outcome of the litigation. From all his subsidiary findings the judge concluded that although Betty "is not morally unfit, . . . she lacks the capacity to care for" the children and that her conduct "demonstrated her parental unfitness . . . [which] in addition to Doris' demonstrated capacity has led to the conclusion that the best interest of the children will continue to be served by their remaining with her." The sole question before us is whether the subsidiary findings support the general conclusions of the judge. We hold that they do. "The governing principle by which the court must be guided in deciding the issues raised is the welfare of the child. That is so both as matter of law and as matter of humanity. Every public and private consideration establishes this as the dominating rule." *Hersey* v. *Hersey,* 271 Mass. 545, 555. *Jenkins* v. *Jenkins,* 304 Mass. 248, 250. *Jones* v. *Jones,* 349 Mass. 259, 263–264. The judge applied the correct principles of law. There was no error. The decrees are affirmed, with costs to neither party.

*So ordered.*

*Joseph P. Roman, Jr.,* for the petitioner.