MICHELE PUCHALSKI HAAS vs. RAYMOND J. PUCHALSKI, JR.

Franklin. March 10, 1980. — April 10, 1980.

Present: BROWN, GREANEY, & KASS, JJ.

*Divorce*, Custody of child, Modification of decree.

In a proceeding for modification of a divorce decree to transfer custody of a minor child from the mother to the father, the mother's improper conduct in removing the child from the Commonwealth without the father's consent did not constitute a change in circumstances which would warrant a transfer of custody. [557-558]

LIBEL for divorce filed in the Probate Court for the county of Franklin on March 8, 1977.

Complaints for modification filed on November 22, 1978, and March 2, 1979, respectively, were heard by *Nuciforo*, J.

*Paul H. Rothschild* for the plaintiff.

*Edward P. Smith* for the defendant.

BROWN, J. On May 25, 1977, Michele Puchalski Haas was granted a judgment of divorce nisi in a Probate Court from Raymond Puchalski on the ground of cruel and abusive treatment. Michele was awarded custody of their son Joshua, now five years old, with visitation rights to Raymond. Raymond was required to make support payments. The judgment prohibited Michele from removing Joshua from the Commonwealth.

On April 20, 1978, after Raymond filed a complaint for change of custody and termination of support payments, and moved for an order for temporary custody, he was given custody of Joshua by a temporary ex parte order on the ground that Michele had taken Joshua to Germany without notice to or the consent of Raymond.

On April 24, 1978, the Probate Court dissolved the order of April 20, 1978, and returned custody to Michele upon her

posting a $1,000 bond and further "prohibited, enjoined and restrained [her] from removing the minor child of the parties, Joshua John, from the Commonwealth of Massachusetts." Michele, however, on this date, sought a modification to allow her to take Joshua to Colorado.[1] On September 7, 1978, a judgment entered which relieved Raymond of all responsibility for support of the child, but otherwise made no modification of the May 25, 1977, judgment.[2]

On November 22, 1978, Raymond again filed a complaint for a change in custody, alleging violation of the order prohibiting Michele from removing Joshua from the Commonwealth. On November 24, 1978, Raymond obtained a second ex parte order transferring custody to him on the ground that Michele had taken Joshua to Colorado in violation of the restraining order. After Raymond had taken physical custody of Joshua and returned to Massachusetts with him, Michele, on March 2, 1979, filed a motion to revoke the temporary order of November 24, 1978, which was denied. She also filed a complaint for modification seeking to take Joshua back to Colorado.

By order of a probate judge,[3] judgments were entered after a hearing on the cross complaints for modification on April 17, 1979, transferring custody to Raymond and providing for one month's visitation with Michele in Colorado, upon her posting $1,000 bond to insure the return of the child.[4] From these judgments Michele now appeals. We reverse for reasons to be set out below.

The judge made no findings of fact; however, the transcript of the evidence is before us.[5] Our standard of review

---

[1] The hearing on this complaint and Raymond's complaint for modification, filed on April 20, 1978, was held on May 9, 1978.

[2] No appeal was taken from this judgment.

[3] This was not the same judge who had entered the earlier judgments.

[4] Raymond had also filed a complaint for contempt, which was eventually dismissed.

[5] We cannot stress too vigorously, however, that in custody cases it is imperative that the judge make findings showing that all the relevant fac-

in such circumstances is fully explicated in *Fuller* v. *Fuller*, 2 Mass. App. Ct. 372, 373-374 (1974), and cases cited.

The original judgment awarding custody to Michele must be presumed to have been right. It settled all questions in issue between the parties at the time it was entered. It was designed to endure until facts brought to the attention of the court should require a change. *Hersey* v. *Hersey*, 271 Mass. 545, 554 (1930). *Fuller* v. *Fuller*, 2 Mass. App. Ct. 372, 376 (1974).

To warrant a transfer of custody from one parent to another, following a determination of custody in a divorce proceeding, there must be a relevant change in circumstances. See *Hinds* v. *Hinds*, 329 Mass. 190, 191 (1952). Contrast *Stevens* v. *Stevens*, 337 Mass. 625, 627 (1958).

Although it cannot be denied that Michele acted improperly in removing the child to Germany and Colorado without the consent of Raymond, "this conduct on her part cannot be permitted to interfere with the welfare of the child, the paramount and governing consideration." *Heard* v. *Heard*, 323 Mass. 357, 377 (1948).

"This is not a proceeding to discipline [Michele] for her shortcomings. It is not a proceeding to reward [Raymond] for any wrong he may have suffered. It is a proceeding solely with reference to the custody of a little [child]." *Hersey* v. *Hersey*, *supra* at 555. There is nothing in the record to indicate that Michele has been in any respect an inadequate parent, or that her second marriage has been detrimental to Joshua. *Fuller* v. *Fuller*, *supra* at 377.

Although it may in fact be true that Raymond also offers a happy environment for Joshua, the evidence demonstrates that it is not a "settled home," see *Stevens* v. *Stevens*, *supra*, as the child would be taken care of by many different relatives. This "militates against [Raymond's] becoming the capable custodian of [Joshua] which [Michele] has already

tors in determining the best interests of the child have been weighed. Cf. *Custody of a Minor (No. 1)*, 377 Mass. 876, 885-886 (1979). See also *Rice* v. *Rice*, 372 Mass. 398, 402-403 (1977).

proven to be." *Fuller* v. *Fuller, supra* at 377. In sum, there is nothing in the record before us that would warrant removing the child from a caring mother and a "home environment which appears to be quite satisfactory." *Ibid.* We conclude, therefore, that the welfare of the child would be best served by having custody remain in Michele and by granting to Raymond such visitation rights as shall be determined by the Probate Court.

The judgments are reversed, and the matter is remanded to the Probate Court for the entry of judgments that the custody of the parties' minor child remain in Michele, and for such further proceedings consistent with this opinion relative to time and conditions of visitation as may be appropriate to the particular circumstances of the parties. See *Heard* v. *Heard, supra* at 378.

*So ordered.*