CUSTODY OF A MINOR (No.1). March 19, 1986. *Minor,* Guardian ad litem. *Probate Court,* Guardian ad litem. *Parent and Child,* Custody of a minor.

This is a custody dispute between the unmarried parents of a child, born May 7, 1981. The father filed a complaint pursuant to G. L. c. 215, § 6, seeking custody and orders for reasonable visitation between the child and her mother. A Probate Court judge heard the evidence in a four-day trial which commenced on October 23, 1984. Among the numerous witnesses who testified was a guardian ad litem whose reports were in evidence. On

---

November 21, 1984, the judge issued his findings of fact and conclusions of law and a judgment ordering: (1) that the father have legal custody; (2) that the mother and father have shared physical custody, each parent spending substantial time with the child according to a biweekly schedule; (3) the appointment of a specified person as mediator; (4) the appointment of the paternal grandparents as guardians ad litem "to report to the court any problems that arise and to monitor the custody situation" and to make arrangement for mediation as needed.

The mother contends on appeal, first, that the judge had no authority to appoint the paternal grandparents to serve as guardians ad litem. The father makes no argument in support of that portion of the order. We agree with the mother that appointment of the grandparents as guardians ad litem must be set aside. A probate judge has considerable discretion to appoint a guardian ad litem to investigate and report facts in a child custody case (G. L. c. 215, § 56A; Rule 5 of the Probate Courts [1959]), and in some situations a grandparent may be an appropriate person to serve as a guardian ad litem. The person appointed must be a disinterested person, however. *Bicknell* v. *Bicknell,* 111 Mass. 265 (1873). Cf. *Gilmore* v. *Gilmore,* 369 Mass. 598, 603-606 (1976). The grandparents have demonstrated concern for the child's well-being, and the judge properly sought to have them significantly involved in her upbringing. Their close identification with the father, one of the parties, however, makes it inadvisable that they function in formal roles as investigators and reporters of facts to the court.

The mother's principal claim on appeal is that the judge erred in awarding legal custody of the child to the father. The judge held a full and complete hearing,[1] made findings, each of which has some support in the record, and considered the various relevant factors from the point of view, correctly, of promoting the best interests and general welfare of the child. See *Hersey* v. *Hersey,* 271 Mass. 545, 555 (1930); *Normand* v. *Barkei,* 385 Mass. 851, 852 (1982); *Rolde* v. *Rolde,* 12 Mass. App. Ct. 398, 402-403 (1981).

The parties lived together until the summer of 1983, when the child was two. Before trial, she was living with her father who, with his parents, had been awarded temporary custody. The paternal grandparents played an important and supportive role in the child's care. The mother, married as of the date of the trial and the parent of an infant son, had extensive visitation rights which she exercised. Unquestionably, according to the evidence and findings, both parents love the child and want custody and each parent enjoys an excellent relationship with her and provides more than adequate care. There was also considerable evidence of physical and verbal abuse between the parties when they lived together and after, and of excessive

---

[1] The mother claims that a default judgment entered against her erroneously on November 30, 1983, and that, in finding against her, the judge was influenced by the default. The default judgment was set aside, however, and the judge acknowledged that the lengthy 1984 trial was a full hearing on the merits. If the default judgment was improperly entered, no prejudice has been demonstrated.

drinking by both. The evidence on most of the cross allegations was conflicting, and the judge did not resolve all of the conflicts. If, as the mother asserts, the judge placed too much blame on her and too little on the father, all that is past history. The custody proceeding was one solely to determine the future best interests of the child. It was not one to punish one parent for his shortcomings or to reward the other parent for a wrong he or she may have suffered in the past. See *Hersey* v. *Hersey,* 271 Mass. at 555. We agree with the mother that a child living in a home in which there is a pattern of physical abuse may suffer harm as a result. Nothing in the evidence showed that the child was ever physically abused or hurt psychologically in any way, however, or that she is at the present time anything but a happy, healthy, and prospering child. In any event, issues of fault arising out of specific past incidents are not material to the custody issue, as the parties no longer live together. Significantly, the judge found that the father is very kind to the child and shows a lot of patience with her.

The judge made a difficult choice as to legal custody, having had the opportunity, which we lack, of observing and appraising both parents. The choice is one peculiarly within the judge's discretion. On this record we cannot say that he abused that discretion or that he was clearly wrong in awarding the legal custody of the child to her father. The mother has been granted joint physical custody with the father to satisfy her important interests in sharing the child's time and in exercising her responsibility for the child's upbringing. In view of the antagonism presently existing between the parents, it was not unreasonable for the judge to decline to grant the parties joint legal custody. See *Rolde* v. *Rolde,* 12 Mass. App. Ct. at 404-406.

> *Judgment modified by striking the third paragraph, appointing the paternal grandparents as guardians ad litem, and, as so modified, the judgment is affirmed.*

*Patricia A. Pap* for the mother.
*John B. Hopkins* for the father.