Curtis R. **EVANS**

v.

**TOWN OF WATERTOWN et al.**

**Civ. A. No. 75–1844–F.**

United States District Court,
D. Massachusetts.

July 20, 1976.

Dante G. Mummolo, Boston, Mass., for plaintiff.

Philip M. Cronin, John F. Hurley, Jr., Asst. Atty. Gen., Boston, Mass., Roy Papalia, Watertown, Mass., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

This matter is before the Court on defendants' motions to dismiss plaintiff's com-

plaint for failure to state a claim upon which relief can be granted. After reviewing the record and the relevant authorities, it is my conclusion that motions to dismiss should be granted as to all defendants.

Plaintiff is a resident of Watertown, Massachusetts, who in April, 1971, filed a patrolmens application with the Civil Service Commission. During the next two years, plaintiff underwent mandatory written, physical, and medical examinations in his pursuit of such a position. After successful completion of these examinations, he was placed in Group D of the Civil Service certification list of eligible candidates for appointment to available patrolmen positions. In the latter part of December, 1974, plaintiff received notification from defendant Edward W. Powers, Director of Civil Service for the Commonwealth of Massachusetts, that his name appeared on a list of applicants for thirteen patrolmen positions in the Town of Watertown and that, if interested in being considered for such a position, plaintiff was to report to defendant T. Thomas D'Onofrio, Chairman of the Board of Selectmen of Watertown, on or before January 2, 1975. Plaintiff states that on January 2, 1975, he went to D'Onofrio's office in Watertown, whereupon he was told to report to the town's Chief of Police. Plaintiff asserts that, upon doing so, he was informed he would be called for an interview. Having received no further notification, on January 9, 1975, plaintiff contacted the Chief of Police's office, at which time he was told that interviews were to begin within a half an hour. Plaintiff alleges that he went to the office of the Chief of Police, where he was told he was within the top twenty names of the certified list of candidates and was instructed to report to the Selectmen's Office for an interview. Plaintiff avers that the interview he was given lasted only five minutes, and consisted of only a few brief questions by D'Onofrio. Defendants Robert A. Manzelli and Patrick B. Ford, also present, asked no questions. Plaintiff states that on January 13, 1975, he called defendant August M. Stiriti, Administrative Assistant to the Board of Selectmen, at which time he was informed that he was not within the top twenty under consideration for the patrolmen positions. Plaintiff claims, however, that within twenty minutes he received a call from Stiriti informing him he was back in contention and was to come to the town hall. Plaintiff asserts that, after his arrival, Stiriti called out the names of candidates appointed and that his name was not one of them although two of those names called appeared below his on the Civil Service certification list. By way of a letter dated January 20, 1975, defendant D'Onofrio, as chairman of the Board of Selectmen, informed defendant Powers why plaintiff was rejected, pursuant to Mass. Gen.Laws ch. 31, § 15 (1966).[1] The letter characterized plaintiff as withdrawn and languid, showing "little or no spirit or animation." D'Onofrio further stated that plaintiff's "mannerism and demeanor indicated that he could not be entrusted with police discretion," and that plaintiff "did not appear to have the judgmental ability, emotional stability and sensitivity" necessary for the job.

Plaintiff asserts that the statements contained in D'Onofrio's letter were false and malicious and made negligently and without foundation in fact. Plaintiff seeks a declaration that the acts of the defendants are in violation of the Constitution and that an Order in the case of *Castro v. Beecher*, by Chief Judge Caffrey of the United States District Court for the District of Massachusetts, dated January 7, 1975, supersedes the appointment scheme of Mass. Gen.Laws ch. 31, § 15.[2] Plaintiff further

---

1. D'Onofrio's January 20, 1975 letter was in response to a letter from Powers dated January 16, 1975, which requested more specific reasons for bypassing plaintiff for police employment.

2. The Order to which plaintiff refers is found in the case of *Castro v. Beecher*, 386 F.Supp. 1281 (D.Mass.1975). That case is related to several opinions bearing the same name. *See Castro v. Beecher*, 334 F.Supp. 930 (D.Mass.1971), *aff'd in part and rev'd in part*, 459 F.2d 725 (1st Cir. 1972), *on remand*, 365 F.Supp. 655 (D.Mass. 1973).

requests an order that he be appointed to the Watertown Police Department in the capacity of a patrolman, with back pay and accrued benefits as of January 13, 1975. Finally, plaintiff seeks recovery against defendants D'Onofrio, Ford, McDermott, Manzelli, and the Town of Watertown, in the amount of $500,000.00 plus court costs and attorney's fees.

In his memorandum in opposition to defendants' motions to dismiss, plaintiff states he "does not contend that the Federal Court Order in *Castro v. Beecher, infra,* prohibits the non-selection of certified candidates [but] does assert that when an eligible candidate on the certified list is bypassed, true and valid reasons must be shown to justify their failure to appoint him." By this statement, plaintiff has apparently withdrawn his request for a declaration by this Court that the Order in *Castro v. Beecher* supersedes the appointment scheme of Mass.Gen.Laws ch. 31, § 15. However, in order to avoid any future argument that this is not the case, this Court now states that such an interpretation of the effect of *Castro v. Beecher* on that statute is unfounded. The January 7, 1975 Order in *Castro* establishes a manner in which candidates for patrolmen positions shall be grouped, ranked, and certified as eligible for appointment for each police department, subject to control of Civil Service. The Order sets forth and describes the composition of four groups, A, B, C, and D, as well as the way applicants are to be ranked within those groups. In the instant case, upon passing the qualifying examinations, plaintiff was placed in Group D of a list of eligible applicants for the position of police officer certified by the Division of Civil Service to the Town of Watertown. What plaintiff apparently was claiming was that the January 7, 1975 Order removed from appointing authorities the discretion they possessed under chapter 31, section 15, to refuse to appoint applicants who were on the list but were considered unqualified for the position of police officer, and that the Order further required the Director of Civil Service to refuse to accept statements of reasons submitted by such authorities as justification for rejection of applicants in situations similar to that of plaintiff herein.

■ Mass.Gen.Laws ch. 31, § 15C provides in pertinent part:

In each instance when the appointing authority appoints . . . any person other than the person whose name appears highest on a list certified by the director for a position and such person is willing to accept such appointment . . . the appointing authority shall forthwith deliver to the director a written statement of his or its reasons for so appointing . . . the person so appointed . . . . .

A review of the history of the *Castro* case reveals to my satisfaction that the January 7, 1975 Order requires only certification of certain candidates, not their appointment. It in no way deprives appointing authorities of their power to reject certain applicants higher on the certification list than those accepted, as long as written reasons are submitted to the Director of Civil Service.

■ Before turning to the specific charges found in plaintiff's complaint, the Court points out that the Town of Watertown is not a proper defendant in this case and that Count I must therefore be dismissed as to that defendant. In Count I plaintiff has relied on 42 U.S.C. § 1983. It is well settled that a municipality is not a "person" within the meaning of that statute. *Bishop v. Wood,* —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The following discussion will therefore be limited to the remaining defendants.

■ Count I has alleged that by defendants' actions, plaintiff has been deprived of rights, privileges, and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983. It is accepted that section 1983 "affords protection against violation of any rights secured by the Constitution, not merely those stemming from racial or other types of class-based discrimination." *Hahn v. Sargent,* 388 F.Supp. 445, 450 (D.Mass.),

*aff'd,* 523 F.2d 461 (1st Cir. 1975). However, to escape a motion to dismiss, a plaintiff must do more than merely allege deprivation of constitutional rights caused by the actions of defendants. 388 F.Supp. at 450. The District Court in *Hahn* states:

> The complaint must also allege *facts* which support its allegations and which, if believed, would show (1) that the defendant was acting under color of state law and (2) that his conduct deprived the plaintiff of a right which is actually protected by the Constitution.

*Id.* (emphasis in original).

 It is not argued by plaintiff that he has a constitutional right to be a policeman, and certainly such an assertion would be unsuccessful. While it is true that all applicants for such a position must be afforded due process and equal protection, that requirement does not deny appointing bodies the power to investigate the capabilities and competence of each applicant and make employment decisions accordingly. In the instant case I find nothing within the alleged set of facts which sufficiently indicates that plaintiff has been denied equal protection or due process of law. While the interview given to plaintiff may have been brief, I do not feel it is this Court's position to determine how long such an interview should be or what types of questions should be asked. The Board of Selectmen apparently felt that plaintiff was unfit as a candidate for the available patrolmen positions and decided to reject his application after they had interviewed him. Subsequently, pursuant to Mass.Gen.Laws ch. 31, § 15, reasons for rejection of plaintiff were sent in writing to the Director of Civil Service. Although plaintiff claims in Count I that he has been deprived his constitutional rights and that defendants' actions in denying him an appointment to the police department were intentional, implying some malicious motivation, I find no constitutional right that has been denied to plaintiff by defendants and no indication that defendants' actions were taken with malice toward him. Count I does nothing but allege wrongful conduct by the defendants. It does not even go so far as to allege facts which would support such a claim. It is clear in this Circuit that where a town or state official's judgment and discretion is involved in a section 1983 action the Court "require[s] a showing of purposeful discrimination or at least an allegation that his misdeeds were knowing or reckless." *Harrison v. Brooks,* 446 F.2d 404, 407 (1st Cir. 1971). Agreeing with the lower court's dismissal of eight counts brought under section 1983, the court in *Harrison* affirmed the rationale that those counts had done "no more than allege 'wrongful' conduct by the defendants." Such is the case in Count I herein. Assuming that all the things alleged to have been done by defendants, as distinguished from the conclusions made in the pleadings with respect to them, were in fact done and were done under the color of state law, I still do not feel that defendants thereby deprived plaintiff of his constitutional rights. *Cf. McGuire v. Todd,* 198 F.2d 60, 63 (5th Cir. 1952). The facts alleged, if accepted as true, indicate nothing more than a brief interview, and do not give rise to the cause of action claimed. Count I should therefore be dismissed.

 This Court is of the opinion that Counts II and III of plaintiff's complaint must also be dismissed. Count II alleges damage to reputation and mental anguish as result of false and malicious statements by defendants D'Onofrio, Ford, and Manzelli. Count III makes a similar allegation that as a result of a statement made by defendant Stiriti, which was false, malicious and "made recklessly and/or negligently," plaintiff suffered "great mental anguish, embarrassment, hurt feeling and loss of reputation." More specifically, Count III sets forth an alleged conversation between two police officers on or about January 13, 1975, concerning the rejection of plaintiff for a patrolman position. The Complaint asserts that the alleged conversation was as follows:

> Officer Farrell: What happened with Curt [plaintiff]?
>
> Captain Keefe: He got jumped.
>
> Officer Farrell: Why?

Captain Keefe: Stiriti told me "We detected alcohol on his breath at an interview."

As in the case of Count I of his complaint, plaintiff brings Counts II and III under 28 U.S.C. § 1343(3) and (4) and 42 U.S.C. § 1983. Because 28 U.S.C. § 1343(3) and (4) are jurisdictional only and do not supply a basis or a claim for relief, *see Howell v. Cataldi,* 464 F.2d 272, 274 (3d Cir. 1972), it is under section 1983 that a valid claim within these two counts must be found. Here this is not the case. Both counts allege actions in the nature of defamation. The case law seems to clearly take the position that section 1983 does not provide a remedy for such claims. *See Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405, 44 U.S.L.W. 4337 (1976); *Hahn v. Sargent, supra,* 388 F.Supp. at 452. While Counts II and III may state a claim for defamation actionable in state court, they do not state an appropriate cause of action for relief under section 1983.

Based upon the above reasoning, it is ORDERED that defendants' motions to dismiss are granted and that Counts I, II, and III of plaintiff's complaint are hereby dismissed as to all defendants in this matter.