Gerald and Diana GREEN, Plaintiffs,

v.

John T. TRUMAN, M.D., et al., Defendants.

Civ. A. No. 78–702–C.

United States District Court, D. Massachusetts.

Oct. 27, 1978.

George Donovan, Hull, Mass., John R. Graham, Brainerd, Minn., for plaintiffs.

Stephen Saltonstall, Boston, Mass., Bart J. Gordon, Hale & Dorr, Boston, Mass., for defendant John T. Truman.

Jonathan Brant, Asst. Atty. Gen., Boston, Mass., for defendant Dept. of Public Welfare.

## OPINION

CAFFREY, Chief Judge.

This is a civil rights action brought by the plaintiffs, Gerald Green and Diana Green, against defendants Alexander E. Sharp, Commissioner of the Massachusetts Department of Public Welfare (DPW), and Dr. John T. Truman, a board-certified pediatric hematologist affiliated with the Massachusetts General Hospital. The amended complaint alleges a cause of action under 42 U.S.C.A. § 1983, and seeks declaratory and injunctive relief. Jurisdiction is claimed under 28 U.S.C.A. § 1343. Plaintiffs claim herein that they have constitutional rights secured to them by the First, Fifth and Fourteenth Amendments to determine the medical treatment which is proper for their two-year-old son Chad. Plaintiffs further claim the conduct of defendants deny them the claimed constitutional rights. In particular, plaintiffs aver that they have exhausted all state remedies available to challenge a ruling made by a state court judge giving custody of their child to the Department of Public Welfare for chemotherapy treatment. Plaintiffs further contend that they have not been allowed to show the viability of an alternate therapy, namely, a metabolic therapy commonly known as laetrile, which they favor and which they claim offers as much hope for the child's recovery as does chemotherapy.

The matter is presently before the Court on motions of both defendants to dismiss the amended complaint; memoranda and affidavits have been submitted, and after hearing, I rule as follows:

This matter was first brought in a state court by a care and protection petition filed in the juvenile session of the Second District Court of Plymouth pursuant to Mass. Gen.Laws ch. 119, § 24. It was alleged in that petition that the child was without necessary and proper medical care and that the child's parents were unwilling to provide such care. That petition, which was filed by the child's physician, defendant Dr. Truman, was dismissed. Dr. Truman and the child's court-appointed counsel appealed to the Plymouth County Superior Court, where, pursuant to Mass.Gen.Laws ch. 119, § 27, a trial de novo was held. The Superior Court trial resulted in the commitment of the child to the legal custody of the Department of Public Welfare for the limited purpose of providing chemotherapy treatment to him.

The child's parents, plaintiffs Gerald and Diana Green, then appealed to the Massachusetts Supreme Judicial Court where they argued, in effect, that the Superior Court Order violates their constitutional rights to choose the type of medical treatment appropriate for their child. The Supreme Judicial Court affirmed the Superior Court Order, Custody of a Minor, 379 N.E.2d 1053. In so doing, the Court considered the question whether, and in what circumstances, a state may order medical treatment for a child over parental objections. Custody of a Minor, supra at 1056. Balancing three sets of interests, namely (1) the "natural rights" of parents, (2) the responsibilities of the state (i. e., (a) the protection of the welfare of children living within its border; (b) the preservation of life; and (c) the protection of the ethical integrity of the medical profession and allowing hospitals the full opportunity to care for people under their control, Custody of a Minor, supra at 1066) and (3) the personal needs of the child, the Court concluded that state intervention is appropriate where (1) the medical treatment sought is shown by uncontroverted medical evidence to be the only effective treatment for acute lymphocytic leukemia, (2) treatment is necessary to save the child's life, and (3) the parents were unwilling to provide their child with that treatment. The plaintiffs did not exercise the federal appellate remedy available to them from the adverse ruling of the Supreme Judicial Court.

 As a preliminary matter, this Court accepts Dr. Truman's contention that he is not a proper defendant in this case and that the complaint must, therefore, be dismissed as to him. It is well-settled law that to state a claim under § 1983 a plaintiff must allege that defendant was acting under color of state law. E. g., Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977); Berrios v. Inter American University, 535 F.2d 1330, 1331 (1st Cir. 1976); Spampinato v. M. Breger & Co., 270 F.2d 46, 48–49 (2d Cir. 1959), cert. denied, 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363, rehearing denied 361 U.S. 973, 80 S.Ct. 597, 4 L.Ed.2d 553 (1960); Lefkowitz v. Lider, 443 F.Supp. 352 (D.Mass.1978). Plaintiffs do not assert the state involvement necessary to transform the private acts of Dr. Truman, the plaintiffs' child's privately retained pediatrician, into state action covered by § 1983. Dr. Truman's resort to the judicial process under state law does not, in the absence of a claim of conspiracy with state officials, transform him into a state agent. Briley v. California, supra at 855–56; Byrne v. Kysar, 347 F.2d 734, 736 (7th Cir. 1965), cert. denied, 383 U.S. 913, 86 S.Ct. 902, 15 L.Ed.2d 668 (1966); Lefkowitz v. Lider, supra at 358; Weise v. Reisner, 318 F.Supp. 580 (E.D.Wis.1970). Cf. Downs v. Sawtelle, 574 F.2d 1, 9–10 (1st Cir. 1978) (finding of state action depended upon a unique combination of circumstances, namely, the involuntary sterilization of a deaf mute by the concerted action of her guardian, her father, state social workers, a municipally-related hospital, and its chief of staff, who had general supervisory and policy-making responsibilities). In addition, Dr. Truman's present supervision of plaintiffs' child's medical care follows a court order that places legal custody of the child with the DPW for chemotherapy treatment and further provides that either Dr. Truman or any

board-certified hematologist of plaintiffs' choosing shall supervise such treatment. That court order does not clothe Dr. Truman with the authority of state law necessary to satisfy the state actor requirement. It follows, therefore, that the complaint must be dismissed as to defendant Dr. Truman.

The sole issue remaining in this case consists of plaintiffs' challenge to the legality of the state court's award of custody of plaintiffs' child to the Department of Public Welfare. Plaintiffs claim that award deprives them of their constitutional right to direct the medical treatment of their child, and they also claim that two viable modalities of treatment for him exist and are available to him. The question now is whether or not this Court has jurisdiction to hear plaintiffs' attack on the custody award and their claim that both of the forms of treatment now available to Chad would be beneficial to him.

■ There is no specific grant of jurisdiction by Congress to federal courts in the field of child custody matters. However, a claimed denial of constitutional rights is, of course, a matter of federal concern as it is a matter of state concern. State and federal courts have concurrent jurisdiction to hear and decide constitutional issues. *Dowd Box Co. v. Courtney*, 368 U.S. 502, 507–508, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *P. I. Enterprises, Inc. v. Cataldo*, 457 F.2d 1012, 1014 (1st Cir. 1972).

In moving for dismissal of plaintiffs' § 1983 claim, defendant Sharp asserts that (1) a final state court decision on constitutional issues is *res judicata* as to the identical issues raised under 42 U.S.C.A. § 1983; and (2) plaintiffs fail to state a claim upon which relief can be granted. Defendant further points out that plaintiffs are merely seeking another forum to present their case anew and that plaintiffs continue to seek the same remedy—release from state custody—and continue to base their case upon the same constitutional claims.

■ It is well-established in this Circuit that "[a] complaint under the Civil Rights Act does not provide the springboard for an unhappy state litigant to raise his federal claims *de novo* in federal court." *Fortune v. Mulherrin*, 533 F.2d 21, 22 (1st Cir.), *(quoting P. I. Enterprises, Inc. v. Cataldo, supra* at 1015), *cert. denied*, 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976). Under *res judicata* principles, plaintiffs are collaterally estopped from relitigating their claim of unconstitutionality in this Court. *Sylvander v. New England Home for Little Wanderers*, 584 F.2d 1103 at 1108 (1st Cir. 1978); *Pluguez v. Cole*, 571 F.2d 70 (1st Cir. 1978); *Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978); *Loveley v. LaLiberte*, 498 F.2d 1261 (1st Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).

In *Custody of a Minor, supra*, the Massachusetts Supreme Judicial Court fully considered the constitutional rights of parents, children and the state raised by Mr. and Mrs. Green's desire to terminate the chemotherapy treatment when the undisputed medical evidence indicated that chemotherapy is the only existing form of treatment which offers leukemia patients a substantial hope of cure. Thus, to the extent that issues there presented were then judicially determined the doctrine of *res judicata* applies. Plaintiffs' contention that they, as respondents to the state action, could not have brought their § 1983 claim in the state court and thus *res judicata* does not apply is belied by the fact that plaintiffs asserted their constitutional rights in the state court. Hence, those constitutional issues which underlie plaintiffs' § 1983 claim and which have already been litigated in a court of competent jurisdiction may not be relitigated in this Court. *Sylvander v. New England Home for Little Wanderers, supra* at 1107. *Accord Jennings v. Caddo Parish School Board*, 531 F.2d 1331 (5th Cir.), *cert. denied*, 429 U.S. 897, 97 S.Ct. 260, 50 L.Ed.2d 180 (1976).

The Massachusetts Supreme Judicial Court, however, has held in divorce litigation that:

Orders as to custody of children in the cases arising under [Mass.Gen.Laws ch. 208, § 28] are not final in the sense that a judgment in a proceeding at law or in a final decree in a suit in equity is final and not subject to change by the court. They are in their nature interlocutory and sub-

ject to modification at any time during the lives of the parents and the minority of the children upon good cause shown. *Hersey v. Hersey*, 271 Mass. 545, 549–50, 171 N.E. 815, 817 (1930). *Accord, Donnelly v. Donnelly*, Mass.App., 344 N.E.2d 195, 197 (1976). *See also Kovacs v. Brewer*, 356 U.S. 604, 607–08 [, 78 S.Ct. 963, 2 L.Ed.2d 1008] (1958) (applying New York law); *Halvey v. Halvey*, 330 U.S. 610 [, 67 S.Ct. 903, 91 L.Ed. 1133] (1946) (applying Florida law).

Similarly, the order in the present case issued under Mass.Gen.Laws ch. 119, § 26 appears not to be final since that statute provides that parents may petition a court's custody determination "not more than once every six months for a review and redetermination of the current needs of [the] child." [sic] *Custody of a Minor, supra* at 1067. Hence, to the extent plaintiffs now seek to prove material facts indicative of changed circumstances, it would appear that they are not estopped from trying to show that the custody decree should now be amended for the welfare of the child. Mass.Gen.Laws ch. 119, § 26.

■ Defendant's contention that plaintiffs are precluded from raising material that could have been raised at the prior judicial proceeding, while generally a governing proposition in this Circuit, *Sylvander v. New England Home for Little Wanderers, supra* at 1108, would seem not to apply in the instant matter. It appears under Massachusetts law that a child custody decree can be subsequently modified when redetermination of the current needs of the child shows that modification of that decree would be in the best interests of the child. Mass.Gen.Laws ch. 119, § 26. *See also Donnelly v. Donnelly, supra; Hersey v. Hersey, supra*. Moreover, evidence of metabolic therapy that plaintiff now claims to present an effective alternative to chemotherapy was not before the Superior Court. It was only in plaintiffs' brief on appeal that plaintiffs first offered this evidence which the Massachusetts Supreme Judicial Court could not and did not consider. That court specifically stated:

[T]hat this record does not properly present the question posed by parents on

appeal whether the State constitutionally may intervene when parental decisions concerning a child's medical treatment represent a choice among various beneficial alternatives. According to the testimony adduced at trial, it was the parents' intention to disallow chemotherapy regardless of whether an alternative treatment program consistent with good medical practice could be found. *Custody of a Minor, supra* at 1056.

In addition, the Massachusetts Supreme Judicial Court anticipated that sometime in the future the parents may wish to present further evidence concerning their child's well-being and suggested a state statutory remedy to this end. *Custody of a Minor, supra* at 1067.

■ I rule, however, that this Court is without jurisdiction to entertain plaintiffs' attempt to now modify the state court's custody decree. It is well-settled law that federal courts established pursuant to Article III of the Constitution require, for adjudication of constitutional issues, "concrete legal issues, presented in actual cases, not abstractions." *United Public Workers v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). Here plaintiffs accept the validity of state custody where only one beneficial form of treatment exists. Moreover, plaintiffs do not contest the validity of the statute controlling custody in the instant matter. Rather, plaintiffs contest the validity of state custody where they claim that two viable modes of treatment exist. Plaintiffs' allegation, supported by medical affidavits, that there are two modalities is not sufficient to create an actual controversy as to the constitutionality of state custody. Plaintiffs must assert a definite prejudicial interference by the state. *Id.*

Plaintiffs' contention that the state has deprived them of the opportunity to show the existence of an effective alternative to chemotherapy is without merit. Under Massachusetts law, it would appear that the legality of the custody of plaintiffs' child is a matter still pending in the Superior Court because the parents have the right, under Mass.Gen.laws ch. 119, § 26, to petition the court once every six months for a review

and redetermination of the current needs of their child. *Cf. Hersey v. Hersey, supra* 271 Mass. at 550, 171 N.E. at 817 (Divorce litigation as to custody decrees is still pending in the sense that they may be modified.) Plaintiffs have not given the state courts an opportunity under ch. 119, § 26 to determine this question of fact now sought to be presented here. Hence, in the absence of a challenge to the prior state proceedings or the statute itself, plaintiffs cannot claim an actual prejudicial interference by the state.

■ Determination of the constitutionality of state custody in advance of any state action involves too remote and abstract an inquiry for the proper exercise of federal jurisdiction. Until plaintiffs show that the state has deprived them of the opportunity to show that their parental decisions concerning their child's medical treatment represent a choice among various beneficial alternatives, there can be no justiciable controversy implicating parents' federal constitutional rights. It would not comport with judicial responsibility to adjudicate the constitutionality of the state custody "except when definite rights appear upon the one side and definite prejudicial interferences upon the other." *United Public Workers v. Mitchell, supra.* Thus, I rule that plaintiffs' challenge as presented here is not ripe for federal review. I further rule that to deny federal jurisdiction at this stage is not a hardship for the parents since they became eligible to seek review and redetermination of the child's current needs as of October 20, 1978, six months from the date of the Superior Court judgment.

■ This Court is further without jurisdiction because plaintiffs' complaint fails to state a controversy cognizable in this Court. "[T]o escape a motion to dismiss, a plaintiff must do more than merely allege deprivation of constitutional rights caused by the action of the defendants." *Evans v. Watertown,* 417 F.Supp. 908, 912 (D.Mass. 1976). Here, plaintiffs have alleged that the state has deprived them of an opportunity to show the viability of the metabolic therapy which they favor. Plaintiffs, however, have failed to allege any facts which support this claim. It is not the duty of this Court "to conjure up unpleaded facts

that might turn a frivolous claim of unconstitutional [state] action into a substantial one." *O'Brien v. DiGrazia,* 544 F.2d 543, 546 n. 3 (1st Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). As pointed out above, plaintiffs' allegation of an alternate beneficial form of treatment may state a claim actionable in state court but if so it is a claim which they have not yet given the state an opportunity to adjudge. I rule, however, that plaintiffs do not state an appropriate cause of action for relief under 42 U.S.C.A. § 1983.

Based upon the above reasoning, it is ordered that defendants' motions to dismiss are granted.