**Juliet CHENG**

v.

**Amy B. WHEATON, Commissioner of The Department of Children and Youth Services.**

**Civ. No. H–90–769 (TEC).**

United States District Court,
D. Connecticut.

Oct. 1, 1990.

George A. Athanson, Joseph A. Ciaffaglione, Hartford, Conn., for plaintiff.

John R. Whelan, Asst. Atty. Gen., State of Conn., Clarine Nardi Riddle, Atty. Gen., Hartford, Conn., for defendant.

**RULING ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

CLARIE, Senior District Judge.

Defendant has moved to dismiss this action because this Court lacks jurisdiction over the subject matter. The defendant asserts that the doctrine of abstention acts as a bar to the plaintiff's Section 1983 claim in this Court. For the reasons more specifically set forth herein, the defendant's motion is denied and this Court assumes jurisdiction.

**I. BACKGROUND**

The underlying facts of this case, based on the assertions in the parties briefs and the representations made at oral argument, are as follows. The plaintiff is a United States citizen and the natural mother of Shirley Cheng, born in the United States. Shirley Cheng suffers from a serious case of rheumatoid arthritis, a potentially severe and disabling disease, although not considered deadly. Shirley was diagnosed as

suffering from this disease at eleven months old. Shirley is now seven years old. Since April of 1990, Dr. Lawrence Zemel has been treating Shirley at the Newington Children's Hospital in Newington, Connecticut. Since shortly after commencing care of Shirley, Dr. Zemel has proposed that Shirley undergo surgery to remedy or ameliorate her condition. The plaintiff has insisted that various means of treatment, other than surgery, are available and that they should be implemented. Dr. Zemel and the defendant take the position that surgery is the only available remedy in this circumstance with any hope of success. There is no question that the plaintiff vehemently objects to surgery. On July 13, 1990 the Connecticut Department of Children and Youth Services ("DCYS"), a state administrative agency entrusted with furthering the public policy of the state with regard to family matters (*see* Conn.Gen.Stat. § 17–38a(a)), filed suit in the state court seeking to take custody of Shirley. On July 17, 1990, the state superior court issued an ex parte restraining order granting temporary custody of Shirley to the "DCYS" pending a Juvenile Court hearing. On August 31, 1990 such a hearing was held in the matter of *In Re Shirley Cheng*, Juvenile Court No. 90–179, at Plainville, before the Honorable Frederica Brenneman. The only witness who testified at that hearing was Dr. Zemel. The plaintiff's court appointed counsel had the full opportunity to cross-examine Dr. Zemel. However, the court refused to hear testimony from Dr. William Shevin, a state licensed homeopathic physician, a witness the plaintiff sought to introduce. The court ruled that Dr. Shevin was not qualified to testify regarding Shirley's medical needs for he was not a specialist in rheumatoid arthritis. The court upheld the custody order and directed that the surgical operation should proceed. The plaintiff seeks to introduce Dr. Shevin as a qualified homeopathic physician and claims that homeopathy is a recognized medical procedure for treating Shirley's condition. It is unclear at this point whether the plaintiff-mother advocates the use of homeopathy or traditional chinese medicine as a viable alternative to surgery, or whether she advocates both. Nevertheless, it is clear that the plaintiff believes that there is an adequate alternative treatment for Shirley's condition other than immediate surgery. The Juvenile Court did not allow the plaintiff to introduce any evidence and was convinced by the testimony of Dr. Zemel that surgery is the only available option to treat Shirley's condition.

The plaintiff moved for a stay of Execution of Judgment Pending Appeal to the State Appellate Court which was denied on September 17, 1990; she then moved that the Appellate Court Review the Juvenile court's ruling denying the plaintiff's Application for a Stay of Judgment and that an order restraining any persons from commencing surgical treatment on Shirley Cheng. The motion for review was granted, however the relief requested therein was denied. The plaintiff has now brought an action in this Court seeking injunctive relief and damages pursuant to 42 U.S.C. § 1983 against Amy B. Wheaton, the Commissioner of the "DCYS", contending that the defendant, acting under the color of state law, violated the plaintiff's rights under the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution by seizing control and custody of her daughter and denying her the free exercise of determining the care and moral and religious control of her child. (Complaint, ¶ 7, 8).

The defendant state agency has moved to dismiss the complaint on the grounds that the abstention doctrine, as enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), bars this court from interfering with the decision of the state Superior Court. (Defendant's Memorandum in Opposition, p. 10).

Based on concerns of comity and federalism, *Younger* and its progeny instruct a federal district court to abstain from exercising its jurisdiction if the federal plaintiff had a full and fair opportunity to present and litigate its constitutional claims in an ongoing state proceeding. *Younger v. Harris*, 401 U.S. at 49, 91 S.Ct. at 753; *Ohio Civil Rights Comm'n v. Dayton Christian Schools*, 477 U.S. 619, 627, 106

S.Ct. 2718, 2722, 91 L.Ed.2d 512 (1985); *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). In *Younger*, the United States Supreme Court held that a federal district court should not enjoin a pending state criminal proceeding absent possible immediate and irreparable injury to the plaintiff. The Supreme Court has extended the doctrine to encompass ongoing civil proceedings which involve important state interests and the plaintiff has an ongoing ability to raise his constitutional claims in that proceeding. *Ohio Civil Rights Commission v. Dayton Christian Schools*, 477 U.S. 619, 627–29, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

It should be noted that "federal courts have an unflagging obligation to adjudicate cases brought within their jurisdiction. It is now black letter law that abstention from the exercise of federal jurisdiction is the narrow exception, not the rule." *Cecos International Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir.1990), *citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976).

The Second Circuit has outlined a three-part test for determining whether the abstention doctrine is applicable in a given situation. The court must resolve three questions: "(1) whether there is an ongoing state proceeding; (2) whether an important state interest is involved; and (3) whether the federal plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding." *Christ the King Regional High School v. Culvert*, 815 F.2d 219, 224 (2d Cir), *cert. denied*, 484 U.S. 830, 108 S.Ct. 102, 98 L.Ed.2d 63 (1987).

As to the first requirement, for the purposes of the issue presented to this court, there is not an ongoing state proceeding. Defendant does not refer to any state proceedings which may be considered ongoing for *Younger* purposes. A temporary custody order was granted in favor of the DCYS on August 31, 1990 by the Juvenile Court ordering the operation to proceed "without delay." (Juvenile Court Transcript, p. 74). The plaintiff applied for a Stay of Execution of that judgment to the Appellate Court and for Review. The plaintiff's Application for a Stay was denied. Although the motion for review was granted, the relief sought therein was then denied. There is a further hearing pending in the Juvenile Court concerning allegations of neglect on the part of the plaintiff, however that proceeding is separate and distinct from the issues presented by the plaintiff to this Court and already ruled upon by the Juvenile Court. The plaintiff also represents that an appeal is pending in the State Appellate Court on the merits of their constitutional claims. However, that appeal would certainly be rendered moot by the state's accomplishment of the surgical procedures on the plaintiff's daughter. The federal forum is now the only recourse for plaintiff to present testimony concerning a viable alternative treatment to surgery and to obtain judicial review of her constitutional rights prior to this impending surgical procedure. This fact alone is sufficient to render *Younger* abstention inapplicable. In order to "justify a refusal to assume jurisdiction on *Younger* grounds, a district court must answer [the] three questions affirmatively.…" *Cecos International Inc. v. Jorling*, 895 F.2d at 70. This Court's failure to answer the first question affirmatively allows it to decline to abstain. *Id.* "[T]he relevant principles of equity, comity, and federalism have little force in the absence of a pending state proceeding." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602–03, 95 S.Ct. 1200, 1207, 43 L.Ed.2d 482 (1974).

Although it is undisputed that the State has a compelling interest in the realm of family welfare and custody matters, *Moore v. Sims*, 442 U.S. at 435, 99 S.Ct. at 2383, this does not counterbalance the fact that the plaintiff is unable to litigate her constitutional claims in a state proceeding prior

to the alleged privacy intrusion which the plaintiff seeks to prevent. Upon review of the transcript of the testimony given before the Juvenile Court, it cannot be said the plaintiff's constitutional claims were allowed to be fully adjudicated, even though the issues may have been clumsily raised. Furthermore, the plaintiff has been denied relief from the state Appellate Court. Accordingly this Court finds that the abstention doctrine is not applicable under the circumstances presented.

This Court finds equally without merit the contention that the plaintiff's suit in federal court is merely an attempt to appeal the state court decision. (*See* Defendant's Memorandum of Law in Support of its Motion to Dismiss, p. 15). In support of this contention, the defendant relies on *Anderson v. State of Colorado*, 793 F.2d 262 (10th Cir.1986). This argument belies the very essence of an action brought pursuant to Section 1983. Section 1983 provides for a federal cause of action against any persons who, acting under the color of state law, deny citizens of the United States their rights guaranteed by the United States Constitution.[1]

The relief the plaintiff seeks is not in the nature of appellate review. The plaintiff seeks to litigate and eventually determine whether she has a constitutionally protected right to determine the appropriate medical care of her own child. The plaintiff has not fully litigated this constitutional issue in the state court, nor has the state court rendered a decision on the merits of such a claim in the context of this case. The court in *Anderson* stated that "[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983 (1982)." This is not the circumstance here. The plaintiff's claim was not reviewed by a state court, and it cannot be said that it

was litigated. The plaintiff was not given an opportunity to present testimony concerning viable alternative treatments or introduce any controverting medical testimony. Only after this opportunity is provided is due process afforded and only then can the merits of the plaintiff's constitutional claims be reached. In this light, the plaintiff never litigated the constitutional claims underlying her Section 1983 claim. This fact distinguishes this case from *Green v. Truman*, 459 F.Supp. 342 (D.Mass.1978), upon which the defendant relies.

Concededly, the *Truman* case presents very similar facts. In *Truman*, the plaintiffs challenged in federal district court the legality of the state court's award of custody of the plaintiffs' child to the Massachusetts Department of Public Welfare. Plaintiffs claimed that award deprived them of their constitutional right to direct and control the medical treatment of their child. Like here, the plaintiff claimed two different modalities of treatment existed to treat the child. In front of the *Truman* court was the question whether they had jurisdiction to hear plaintiffs' attack on the custody award after the plaintiffs' claims had been fully litigated in the State Superior Court, and after the Supreme Judicial Court of Massachusetts considered the question whether, and in what circumstances, a state may direct medical treatment over protestations by the parents. The court held that the doctrine of *res judicata* barred litigation of plaintiffs claims in federal district court. *Green v. Truman*, 459 F.Supp. at 345.

The court in *Truman* recognized that "a complaint under the Civil Rights Act does not provide the springboard for an unhappy state litigant to raise his federal claims *de novo* in federal court." *Green v. Truman*, 459 F.Supp. at 345. This contention is premised on the ability of the state litigant to fully adjudicate his claims in state court. In this regard *Truman* is distinguishable

1. 42 U.S.C. § 1983 states:
 Every person who, under the color of any state statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

from this circumstance. In *Truman* the plaintiffs litigated both their claim that a viable alternative method of treatment existed to treat their child and their constitutional claims at the state superior court level. The *Truman* court found this dispositive of the question of whether the plaintiffs could relitigate their constitutional claims in federal district court. "[T]hose constitutional issues which underlie plaintiffs' § 1983 claim and which have already been litigated in a court of competent jurisdiction may not be relitigated in this Court." *Green v. Truman*, 459 F.Supp. at 345; *citing Sylvander v. New England Home for Little Wanderers*, 584 F.2d 1103, 1107 (1st Cir.1978).

Litigation in this Court would essentially afford the plaintiff her first opportunity to present evidence of possible alternative treatments and give her the first opportunity to fully litigate her constitutional claim that she has a right to direct the medical treatment of her child. This opportunity cannot be afforded to the plaintiff prior to the alleged deprivation becoming a reality. "A claimed denial of constitutional rights is, of course, a matter of federal concern as it is a matter of state concern." *Green v. Truman*, 459 F.Supp. at 345; *citing Dowd Box Co. v. Courtney*, 368 U.S. 502, 507–08, 82 S.Ct. 519, 522–23, 7 L.Ed.2d 483 (1962).

 The doctrine of *res judicata* would seem not to apply in this circumstance. The failure of Juvenile Court to allow the plaintiff to introduce testimony fails to preclude the plaintiff from litigating her claims in this Court. Federal district courts are required to give state proceedings full faith and credit only if the state proceedings satisfied due process. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982); *see also Lee v. Winston*, 717 F.2d 888, 895 (4th Cir.1983). Without an ability to present testimony of alternative treatments or introduce evidence, it cannot be said that the plaintiff was afforded due process in the state court.

Defendant's Motion to Dismiss is DENIED.

SO ORDERED.